[Civ. No. 19787.   Second Dist., Div. One.   Jan. 26, 1954.]

LEONARD R. BROOKS, Appellant, v. PARKHILL-WADE, INC. (a Corporation), Respondent.

Jones & Wiener and William M. Anderson for Appellant.

Chenoweth, Robertson, Harney & Behr and David M. Harney for Respondent.

DRAPEAU, J.—Plaintiff was employed in a large gasoline and automotive service station on San Fernando Road in Burbank, Los Angeles County. Gasoline and propane pumps were ranged in two rows, parallel with San Fernando Road. Back of the pumps was a building used for changing tires, and for doing other automotive service work. At the rear corner of the building was a wash and rest room for employees. This room had three windows looking out the east wall of the building.

On May 23, 1951, after completing his day's work, plaintiff went to the wash room. The first thing he did was to fill his pipe with tobacco, strike a match and light the tobacco, and drop the match in the direction of the floor. That is all he remembers, for there was a tremendous explosion.

Plaintiff was seriously burned. At the time of the trial of this case he was still unable to do the work he had been doing before the explosion.

Inquiry followed, to ascertain the source and nature of the vagrant gas that was exploded by plaintiff's match. The assistant chief of the Burbank Fire Department thought it might have been sewer gas, but that was ruled out later. The public utility gas company made an investigation to see whether it was their product, natural gas.

Tests of samples of air taken from the wash room by the gas company the day after the explosion indicated that there was no sewer gas in the room—at least at the time the samples were taken—and no natural gas. But there was present in the samples a small quantity of propane gas mixed with air.

Propane is an exceedingly dangerous, volatile and inflammable substance. Being heavier than air, it has a tendency to accumulate at the bottom of any enclosed place. Thus accumulated, propane is like a malignant fury, silently lying in wait to inflict bitter and unexpected calamity upon any creature present when it explodes.

Instead of making Snyder-Lynch Company, owner of the service station, a party to this action, plaintiff seeks to recover damages for his injuries from defendant Parkhill-Wade, Inc. only. Plaintiff bases his cause of action upon the theory that Parkhill-Wade was negligent when it installed for Snyder-Lynch a propane storage tank, with pipes to the vending pumps at the front of the service station, and in failing to warn Snyder-Lynch of the dangerous nature of the installation.

The pipe line ran along the east wall of the building, about three feet away from the employees' wash room. Sec-

tions of the pipe line were excavated the day after the explosion and found to contain perforations approximately one-eighth of an inch in size. Prior to this no part of the installation had been uncovered since it was put in.

The installation was made in March of 1949, two years before the explosion. And Parkhill-Wade had nothing to do with the tank, pipes or pumps after they turned them over to Snyder-Lynch. At the time of the installation the Burbank Fire Department approved the propane dispensing system, after an examination and analysis of the piping by inspectors of the department.

At the end of plaintiff's case, the trial judge granted defendant's motion for nonsuit. Plaintiff appeals from the judgment which followed.

It is conceded by all that the judgment must stand unless plaintiff is entitled to the aid of the legal inference known in our law as res ipsa loquitur.

The governing principles of the decisions are elaborately reviewed, and the law clearly stated by our Supreme Court, in the recent case of *Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436 [247 P.2d 344].

". . . as a general rule res ipsa loquitur applies where the accident is of such a nature that it can be said, in the light of past experience, that it probably was the result of negligence by someone, and that the defendant is probably the person who is responsible." (*Zentz* v. *Coca Cola, supra,* p. 446.)

"A more difficult question is whether we can say, under all the circumstances, that the accident was of such a nature that it warrants a reasonable inference that defendant rather than someone else was responsible for the unknown negligent act of omission. . . ." (*Zentz* v. *Coca Cola, supra,* p. 447.)

When the balance of probabilities points to defendant's negligence as the most likely explanation of the accident, plaintiff is entitled to invoke the aid of the doctrine of res ipsa loquitur. (*Zentz* v. *Coca Cola, supra,* p. 449.)

In the present case defendant did not have control of the propane tank, pipe lines or vending pumps at any time for more than two years. That control was in the owner of the service station. It was the responsibility of the owner of the service station to see that the installation was at all times in a safe condition. And the pipe with holes in it excavated after the explosion points to negligence of the service station rather than the defendant.

Balancing the probabilities, this court has come to the conclusion that the explosion was more likely the result of the negligence of the owner of the service station than of the defendant; that it would be an unreasonable inference to hold that defendant rather than the owner of the service station was responsible, or that both were responsible; and that, therefore, res ipsa loquitur does not apply.

"The defendant, of course, should not be liable unless it appears from all the facts and circumstances that there is a sufficient causal connection between his conduct and the plaintiff's injury, and it has been held that res ipsa loquitur will not apply if it is equally probable that the negligence was that of someone other than the defendant." (*Zentz* v. *Coca Cola, supra*, p. 443.)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.